IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| CARL B. TAYLOR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO.: 1:08-01397 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's Application for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. The parties have consented to jurisdiction before the undersigned United States Magistrate Judge. (Document Nos. 3 and 4.)

On April 3, 2009, the undersigned remanded this matter to the Commissioner of Social Security for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g). (Document No. 10.) The Commissioner moved for the voluntary remand because "significant portions of the recording of the hearing held on November 17, 2006," could not be transcribed. (Id.) The Office of Disability Adjudication and Review completed the administrative record, and on September 20, 2010, the Commissioner moved to reinstate this matter to the active docket of this Court. (Document No. 11.) This matter was reinstated to the active docket of this Court by Order entered October 5, 2010. (Document No. 13.) On November 23, 2010, the Plaintiff, by counsel, filed his Motion to Dismiss this action. (Document No. 16.) In support of the Motion to Dismiss, counsel asserts that

> the Plaintiff is satisfied by the prior action of the Commissioner in this cause. Further, the Defendant has advised counsel that he has no objection to this motion to dismiss.

(Id.) As Defendant has filed an Answer (Document No. 14.), this action can be dismissed voluntarily only by Order of the Court, under Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] The purpose of this rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of N. Am., 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Regarding these four factors, the undersigned finds that this case has not proceeded beyond the Defendant's filing of an Answer. (Document No. 8.) Although Defendant has expended some time in preparing the Answer and producing the Transcript, he has not incurred any considerable expense in preparing his brief in support of judgment on the pleadings. Concerning the third factor, Plaintiff's counsel explains that Plaintiff is satisfied with the outcome of the underlying proceedings.

---

[1] Rule 41(a)(2) provides:

*By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Any prejudice to the Defendant therefore, has been slight, and dismissal of this case will bring an end to it.

Accordingly, for the reasons stated herein, it is hereby **ORDERED** that Plaintiff's Motion to Dismiss(Document No. 16.) is **GRANTED** and this action is deemed **voluntarily DISMISSED** without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). The Clerk is directed to remove this action from the docket of the Court.

The Clerk is directed to file this Memorandum Opinion and send a copy of the same to counsel of record.

ENTER: December 15, 2010.

R. Clarke VanDervort
United States Magistrate Judge